## BRINCKHARD v. WESTERN UNION TEL. CO.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

NEGLIGENCE—EVIDENCE.

Defendant owned and operated a pneumatic tube for transmission of messages underneath a street, and man-holes, with movable iron covers, were made in the street for access to the tube. one of which was between the rails of a street-car track in the street. In an action for personal injuries to plaintiff from an explosion while in a street-car on such railroad, the testimony for plaintiff was that the explosion occurred under or near the car when it was at or near the place where such man-hole was situated, and that soon after there was a cover off a man-hole at that place; but it was not shown that that man-hole belonged to defendant, or that there was any want of care on defendant's part which would cause an explosion. *Held,* that there was no evidence to connect defendant with the injury to plaintiff.

Appeal from circuit court, New York county.

Action by Anna Brinckhard against the Western Union Telegraph Company. Defendant appeals from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Dillon & Swayne,* (*Wager Swayne* and *Rush Taggart,* of counsel,) for appellant. *Fox & Stallknecht,* (*James Fox,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover damages on account of personal injuries sustained by the plaintiff on December 19, 1886, by reason of the negligence of the defendant. The complaint alleges that the defendant is engaged in business as a common carrier of news and messages by means of electricity and otherwise, a portion of which is carried on within the city of New York; that in connection therewith the defendant owns and operates an under-ground pneumatic tube, laid and extending underneath Broadway from at or about Twenty-Third street, in said city; that at various places along Broadway, where said under-ground pneumatic tube is laid and extends, are certain openings, vaults, or man-holes in the street for the purpose of allowing access to the said tube, which said openings, vaults, or man-holes are covered with movable iron covers; that one of said openings, vaults, or man-holes is at or near the corner formed by the westerly side of Broadway with the southerly side of Leonard street, and is located between the rails of the westerly track of the railroad laid on Broadway; that at or about 7 o'clock in the evening of December 1, 1886, an explosion occurred in the opening vault or man-hole, which it is alleged was occasioned solely through the carelessness and negligence of the defendant; that at the time the explosion occurred the plaintiff was riding down Broadway in a horse-car, and said car was directly over the said man-hole, and by reason of the force of said explosion the horse-car was lifted bodily from the track, and struck the ground with great force, and that the plaintiff was much frightened, hurt, and bruised, and sustained damage. The answer admitted all the allegations of the complaint, down to that which alleged that the explosion occurred in the man-hole belonging to the defendant, and denied all the other allegations contained in the complaint. At the trial the complaint was amended so as to allege that it was the duty of defendant so to construct, maintain, and operate said subway as that no injury should be caused to the public using Broadway, and that the defendant so negligently constructed and managed said tube that the explosion in question occurred. The testimony offered on the part of the plaintiff was to the effect that at or near the intersection of Leonard street and Broadway, as the street-car in which the plaintiff was riding was coming down Broadway, an explosion occurred under or near the car, greatly jarring it, and that this

explosion occurred when the car was at or near the intersection of Leonard street and Broadway. It further appeared that, shortly after the happening of the accident, there was a cover off a man-hole at Leonard street; and this seems to be the sum and substance of the evidence upon which the defendant has been held liable. There does not seem to be any evidence whatever connecting the defendants in any way with the happening of the accident. In the first place, there was no evidence to show that the man-hole in question belonged to the defendants or that they had any interest in or control over it. It is true that one witness swore that the lid of this man-hole had certain letters on it which would seem to indicate that it belonged to the defendant. But upon cross-examination it distinctly appeared that he did not know anything about it; that there were lids of some man-holes on Broadway that did contain these letters, but he distinctly states it was too dark to see the letters on this man-hole at the time of the happening of the accident. Neither is there any evidence to show that the accident happened through the carelessness of the defendant. It is undoubtedly true that where a thing that causes injury is shown to be under the management of the defendant, and the accident is one that in the ordinary course of events does not happen, it affords reasonable evidence that the accident arose from want of care. But this rule only applies to those cases where the want of care in the management of the thing used would naturally result in the happening of an accident of the kind established. There is no evidence whatever in this case that any want of care on the part of the defendants would cause an explosion of this description. They were not dealing with an explosive material; there is nothing to show what caused the explosion; neither is there any evidence, as already stated, that the defendants were responsible for the existence of any explosive material in the man-hole in question.

Our attention is called on the part of the plaintiff to various authorities, none of which have any application to the case at bar. In some of the cases there was a contractual relation existing between the parties as common carrier and passenger. Another case was one in which a building fell, and, as buildings do not generally fall without negligence of somebody, it was held that it called for an explanation from the owner. In another case a heavy box fell while being hoisted in a hoist, the box having slipped from its hooks, and it was held that defendant was called upon to show that precautions to hoist the box safely were used. A case which more nearly comes to the one now under consideration seems to be the case of *Cosulich* v. *Oil Co.*, 55 N. Y. Super. Ct. 384; but in that case the damage arose from the explosion of a steam-boiler in which the defendants were using an explosive substance which called upon them for the use of care and diligence to prevent injury from the use of this explosive substance; and the fact of the happening of the accident raised the presumption of negligence, otherwise the accident would not have happened, although even this conclusion may have been caused by a recent elevated railroad decision. In the case at bar, however, the appellant was using no explosive substance, as far as the evidence shows, and consequently was not charged with any particular care to prevent any such explosion. The court may take judicial notice that gunpowder, dynamite, etc., produce serious explosions under certain conditions; and we presume that the court may also take judicial notice that electricity and air do not explode; and these seem to have been the substances which the defendants were using. It would seem, then, that some foreign substance must have been introduced into the subway in order that this explosion should be produced; and if such foreign substance had not been introduced in such manner as brought it to the knowledge of the defendants, then no duty in regard to it arose, and they could not be guilty of negligence. We think, therefore, that, under all the circumstances of this case, there was no proof whatever upon which the defendant could be held. The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.